**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2511
_____

UNITED STATES OF AMERICA

v.

DANIEL THOMAS CURRAN,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 13-cr-00259-001)
District Judge:  Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
January 22, 2016
_____

Before: FISHER, CHAGARES and BARRY, Circuit Judges

(Opinion Filed: February 1, 2016)
_____

OPINION[*]
_____


BARRY, Circuit Judge

---

[*]  This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Daniel Thomas Curran entered a conditional plea of guilty to charges of production, receipt, and possession of child pornography, pursuant to a plea agreement, under Federal Rule of Criminal Procedure 11(a)(2), that preserved his right to appeal the District Court's denial of his motion to suppress.[1] He now appeals the denial of that motion, and contends, as well, that the Court erred in imposing a substantively unreasonable sentence of 840 months' imprisonment (70 years). Because the Court correctly denied Curran's motion to suppress, and because his sentence was not substantively unreasonable, we will affirm.

I.

In August and September of 2013, Curran lived with R.S. and R.S.'s two young children, including C.S., age 9 years old. On September 24 and 25, 2013, law enforcement received reports regarding the possible sexual abuse of C.S. by Curran. R.S. also reported to law enforcement that items had been stolen from his home, including jewelry, a Nintendo DS, photo albums, throwing stars, knives, nunchucks, bayonets, old bullets, and an old cell phone. R.S. indicated that Curran had a storage unit, although he did not know the location. Officers obtained a warrant to search Curran's car for the stolen items. While executing the search, they asked Curran about the storage unit. He denied having one.

---

[1] The Rule provides that: "With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea."

Shortly after this conversation, law enforcement contacted a local storage facility and learned that Curran did have a storage unit and, in fact, was currently at the unit. Officers proceeded to the location, where they observed Curran walking toward the exit and looking over his shoulder toward the fence at the back of the facility.

The officers detained Curran and found three bags lying outside the fence of the storage unit complex. Curran told an officer that the bags were his[2] and that he had thrown them over the fence. The officer read Curran his Miranda rights. The bags consisted of a tote bag, a zippered duffel bag, and a wheeled computer bag. The tote bag was open and some items were strewn on the grass, including a knife, DVDs, and a child's toy. The officers brought the bags to the patrol car, where an officer opened the duffel bag and found a phone inside. Curran admitted that the phone belonged to R.S. The officers searched the bags before placing them in the car, and then transported the bags and Curran to the police station. A more thorough inventory search of the bags was conducted at the police station.

The officers found in the bags a computer, USB flash drives, and cell phones. Warrants were obtained to search those items, and to search the storage unit for stolen

---

[2] At the suppression hearing, the officer testified that Curran initially denied that the bags were his. The police report and probable cause affidavit, however, suggest that, at the outset, Curran admitted ownership of the bags. The District Court found that the written reports were more reliable because "[t]he order of events were certainly more clear in the detective's mind at the time of writing the reports," and it accepted the facts "as laid out therein." (App. 13 n.5.) The Court concluded, however, that this was a "minor detail[]" that was "ultimately immaterial" to its analysis. (Id.)

property. Upon finding child pornography in the storage unit, another warrant was issued to search for child pornography-related items. On the computer and flash drives that had been found in the bags outside the storage facility, officers found more than 40,000 images of child pornography, including videos and images of Curran sexually abusing C.S. In the storage unit itself, officers found sex toys, stolen items belonging to R.S. and his family, toys belonging to C.S., children's clothing not belonging to C.S., and many pages of writings relating to sex with children.

Curran moved to suppress the evidence found in the bags, and also sought to suppress evidence found in his storage unit, contending that it was "fruit of the poisonous tree" stemming from the unlawful search of the bags. Following a hearing, the District Court denied the motion.

The District Court concluded that Curran did not abandon the bags because he planned to retrieve them and take them to his vehicle. The Court determined, however, that the seizure of the bags was lawful, because stolen property was in plain view, and that the officer's cursory search of the bags at the scene was permissible based on concern for officer safety, particularly in light of the fact that several of the items of stolen property were alleged to be weapons. Because the Court concluded that the search of the bags was lawful, it declined to reach Curran's "fruit of the poisonous tree" argument. Curran entered a conditional plea of guilty pursuant to a plea agreement that preserved his right to appeal the Court's ruling on the suppression motion.

At sentencing, the District Court determined—and the parties did not dispute—that Curran's Guidelines range was 840 months' imprisonment.[3]  Defense counsel argued that a sentence of 840 months (70 years) was greater than necessary in light of the fact that Curran, 41 years old at the time of sentencing, would be 111 when his sentence had been served.  Counsel also argued that a lower sentence was warranted by Curran's remorse, history of having been abused, mental health problems, and another sentence (from another, unidentified, jurisdiction) in which a producer of child pornography received only 26 years' imprisonment.  The Court, however, imposed the Guidelines sentence of 840 months' imprisonment, indicating that Curran's case was "one of the most disturbing cases I think I've ever had."  (App. 264.)  It expressed its belief that Curran would victimize another child if given the opportunity, and stated that the possession of "an unbelievable quantity of sickening pornography involving children as young as toddlers," reflected a person who could pose a threat to children "and who must be deterred by removal from society and from the community."  (Id.)  Acknowledging that the sentence "could be a life sentence," the Court concluded that it was not unreasonable under the circumstances.  (Id.)

On appeal, Curran contends that the District Court erred in denying his motion to suppress because the search of the bags was not authorized by any exception to the

---

[3] While the combination of Curran's total offense level (which the parties agreed was at least 43) and criminal history category (I) resulted in a Guidelines range of life imprisonment, Curran's Guidelines range was capped at the statutory maximum for the charged offenses (840 months).

warrant requirement. He also argues that his sentence is substantively unreasonable because it exceeds his life expectancy.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291. United States v. Golson, 743 F.3d 44, 50 (3d Cir. 2014). In reviewing a district court's decision on a motion to suppress, "[w]e review the District Court's factual findings for clear error, and exercise plenary review over the District Court's determination that the seizure did not violate the Fourth Amendment." Id. at 55. We may affirm for any reason supported by the record. United States v. Dupree, 617 F.3d 724, 728 n.2 (3d Cir. 2010). We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

## III.

Curran argues that the warrantless search of the bags prior to transport to the police station was unlawful because the incriminating nature of the items allegedly in plain view was not immediately apparent, and, even if it was, the search of the zippered bags was not justified by the "plain view" exception to the warrant requirement. Curran also contends that the search was not justified by concern for officer safety because the bags were searched before he was placed under arrest, and, in any event, the "transportation" exception to the warrant requirement that the District Court relied upon

6

is supported by only a non-precedential opinion of this Court. The Government argues that the search and seizure of the bags was lawful because the bags had been abandoned, or, in the alternative, that the seizure was permissible under the "plain view" exception and the search was permissible for officer safety.

The Fourth Amendment prohibits only "unreasonable" searches and seizures. U.S. Const. Amend. IV; United States v. Katzin, 769 F.3d 163, 169 (3d Cir. 2014) (en banc). It is a "cardinal principle" that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." California v. Acevedo, 500 U.S. 565, 580 (1991) (quoting Mincey v. Arizona, 437 U.S. 385, 390 (1978)). "A warrantless search of property is permissible under the Fourth Amendment where the owner has abandoned his reasonable expectation of privacy in that property." United States v. Harrison, 689 F.3d 301, 306-07 (3d Cir. 2012); see Abel v. United States, 362 U.S. 217, 241 (1960).

In determining whether an individual has abandoned a reasonable expectation of privacy in his property, we examine the totality of the facts and circumstances from an objective viewpoint. Harrison, 689 F.3d at 307. "[P]roof of intent to abandon must be established by clear and unequivocal evidence." Id. Disclaiming ownership of property or physically relinquishing it is sufficient to establish abandonment for purposes of the Fourth Amendment, in most cases. Id. The question of whether an individual has

7

abandoned a reasonable expectation of privacy in an item of property is distinct from the question of abandonment under property law.  Id.; see United States v. Fulani, 368 F.3d 351, 354 (3d Cir. 2004).  For purposes of the Fourth Amendment, we examine "the individual's reasonable expectation of privacy, not his property interest in the item." Fulani, 368 F.3d at 354.

Curran abandoned any reasonable expectation of privacy in the bags when he threw them over the storage facility's fence into a public area, walked away, and made no attempt to protect the bags or their contents from inspection.  See United States v. Dickens, 695 F.2d 765, 777-78 (3d Cir. 1982), abrogated on other grounds as recognized in In re Grand Jury Empaneling of Special Grand Jury, 171 F.3d 826, 828 (3d Cir. 1999) (defendant abandoned reasonable expectation of privacy in a bag when he left it on a staircase accessible to the public); United States v. Morgan, 936 F.2d 1561, 1570 (10th Cir. 1991) (defendant abandoned reasonable expectation of privacy in a bag when he discarded it in a backyard that was accessible to the public, and made no attempt to retrieve it); United States v. Thomas, 864 F.2d 843, 846 (D.C. Cir. 1989) (defendant abandoned reasonable expectation of privacy in a bag when he left it in a public hallway).

The District Court focused on Curran's claim that he planned to retrieve the bags and concluded that, therefore, Curran's actions did not demonstrate intent to abandon them.  While the Court may have correctly observed that Curran did not manifest an intent to abandon his ownership interest in the bags, his actions clearly and unequivocally

8

demonstrated an abandonment of his reasonable expectation of privacy. As the D.C. Circuit has held, "The legal significance of [the defendant's] acts is not altered by the fact that he might have intended to retrieve the bag later. His ability to do so would depend on the fortuity that other persons with access to the public [place] would not disturb his bag while it lay there unattended." Thomas, 864 F.2d at 846 n.5. Curran's "ability to recover [the bags] depended entirely upon fate and the absence of inquisitive (and acquisitive) passers-by." See United States v. Jones, 707 F.2d 1169, 1172 (10th Cir. 1983). When Curran threw the bags over the fence into a public area, where they could be accessed by any passerby, it was no longer reasonable for him to expect those bags to remain private after he walked away. See Dickens, 695 F.2d at 778 ("Expecting privacy in a building staircase accessible to other tenants and the general public cannot be considered reasonable.").

Because the search of the bags was reasonable in light of the abandonment exception to the warrant requirement, we will affirm the District Court's order denying Curran's motion to suppress. Because we can affirm the denial of a suppression motion on any ground supported by the record, see Dupree, 617 F.3d at 728 n.2, we need not address the Court's holdings with respect to the "plain view" exception and the officer safety "transportation" exception to the warrant requirement.

IV.

Title 18 U.S.C. § 3553(a) provides that a court shall impose a sentence "sufficient,

but not greater than necessary" to comply with the purposes of sentencing. Curran contends that his sentence of 840 months' imprisonment is substantively unreasonable because it exceeds his life expectancy. The fact that it may do so, however, does not render his sentence substantively unreasonable. See United States v. Ward, 732 F.3d 175, 186 (3d Cir. 2013); United States v. Watson, 482 F.3d 269, 273 (3d Cir. 2007) ("[T]he mere fact that a defendant may not survive beyond his sentence does not provide a basis for a shorter sentence."). As we held in United States v. Tomko, "if the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." 562 F.3d at 568. Here, the District Court acted within its discretion in imposing a sentence of 840 months, in light of the egregious nature of Curran's crimes and the danger he posed to children.

V.

We will affirm the District Court's denial of Curran's motion to suppress and affirm the judgment of sentence.